[No. 15387.   Department Two.   September 17, 1919.]

John Johnson *et al., Respondents,* v. D. A. Clements, *Appellant.*[1]

Sales (182) — Conditional Sales — Default in Payment — Evidence—Sufficiency.  The weight of the evidence sustains findings that the purchaser of a sawmill under a conditional sales contract was in default, entitling the vendors to forfeit the contract, notwithstanding conflicting evidence as to a verbal extension of time, there being evidence that the extension was for but two weeks, and that the purchaser defaulted on demand made thereafter.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered November 25, 1918, upon findings in favor of the plaintiffs, in an action on contract, tried to the court.   Affirmed.

*Kerr & McCord,* for appellant.

*R. J. Faussett* and *E. C. Dailey,* for respondents.

Mount, J. — On the 20th day of December, 1917, John Johnson and W. S. Keller, copartners, sold to D. A. Clements, under a conditional sale contract, a certain sawmill, and the machinery and equipment belonging thereto, for the agreed price of four thousand three hundred dollars.   One thousand five hundred dollars was paid at the time of the purchase, and the balance was to be paid in two equal installments of one thousand four hundred dollars.   One of these installments was due on the 20th day of June, 1918, and the other on the 20th day of December, 1918.   The conditional sale contract provided:

"In case default be made by the vendee in paying for said property according to the terms hereof, then the vendors shall be entitled to retain all money paid by the vendee on account of the purchase price as

[1]Reported in 184 Pac. 318.

liquidated damages and not as a penalty, and all the rights of the vendee to the use of said property shall cease, and the parties of the first part, the vendors, may change their option, take the property in payment of the balance due and owing them under the terms hereof.''

Mr. Clements took possession of the property under this conditional sale contract, and in the latter part of August, 1918, Johnson and Keller, copartners, brought this action for the purpose of canceling the contract and forfeiting all the rights of Mr. Clements thereunder, alleging that the purchaser was in default of the payment of the first installment due on June 20, 1918. Mr. Clements filed an answer, denying default in payment, and alleged that, prior to the time when the first installment came due, an extension of time was granted; that he had made certain payments relying upon that extension; that, thereafter, the plaintiffs had taken possession of the property, which was of the value of six thousand .dollars; and, by way of cross-complaint, he alleged that he had been damaged in the sum of four thousand dollars thereby. Plaintiffs, for reply, denied the affirmative allegations of the answer. Upon these issues the case was tried to the court without a jury. At the close of the trial, the court made the following finding:

"That D. A. Clements, the vendee, and defendant herein, has wholly failed and neglected to pay the payment due thereon within six months after the 20th day of December, 1917, except the sum of $457.56, and that payment has been demanded before this action was brought, and defendant had failed to make said payment to comply with said conditional sale contract as provided therein, and is therefore in default.''

On this finding the trial court entered a judgment in favor of plaintiffs, canceling the conditional sale contract and leaving the possession of the property in

plaintiffs.  Defendant has appealed from that judgment.

Several assignments of error are made, but it is necessary to notice but one.  Appellant contends that the evidence is contrary to the finding above quoted. He testified, in substance, that, before the one thousand four hundred dollar payment became due in June, 1918, he requested an extension of time until he could sell certain cedar lumber then in the yard; that the respondents extended the time as requested.  The respondents, on the other hand, testified that they made no such agreement.  They testified that, after the one thousand four hundred dollar payment due in June was in default, Mr. Clements came to them and said, in substance, that, if they would not crowd him for a couple of weeks, he would ship out five or six car loads of cedar lumber and pay the balance due upon the one thousand four hundred dollar payment; and that they thereupon said to him: "Mr. Clements, if you can pay us fifteen hundred dollars in two weeks that will be all right."  They also testified that the cedar lumber, or a greater part thereof, was shipped from the yard and that no payments were made to them; and that afterwards they demanded payment and payment was not made, whereupon they brought this action.

A reading of the testimony in the record convinces us that the weight of the evidence is in favor of the finding made by the trial court, from which it is plain that the appellant was in default at the time this action was brought, and, under the plain terms of the contract, respondents were entitled to rescind the conditional sale and take back their property, which they did.

The judgment appealed from is therefore affirmed.

Holcomb, C. J., Fullerton, Parker, and Bridges, JJ., concur.